UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| ENVIRONMENTAL INTEGRITY PROJECT<br>1000 Vermont Ave. NW, Suite 1100<br>Washington, DC 20005,<br><br>*Plaintiff*,<br><br>v.<br><br>UNITED STATES ENVIRONMENTAL<br>PROTECTION AGENCY,<br>1200 Pennsylvania Ave., NW<br>Washington, DC 20460,<br><br>*Defendant*. | Civil Action No. 1:17-cv-2610<br><br>**COMPLAINT FOR<br>DECLARATORY AND<br>INJUNCTIVE RELIEF** |

## STATEMENT OF THE CASE

1. With this action, Plaintiff Environmental Integrity Project (EIP or Plaintiff) seeks declaratory and injunctive relief to remedy violations of the Freedom of Information Act (FOIA or Act), 5 U.S.C. § 552, by Defendant United States Environmental Protection Agency (EPA or Defendant) for failure to respond to Plaintiff's FOIA request in a timely manner.

2. On September 7, 2017, EIP submitted a FOIA request to EPA, seeking records related to the agency's recent decision to designate a certain rulemaking "inactive." Given EIP's long interest in, advocacy for, and participation in the rulemaking at issue—specifically, a rulemaking that would require certain oil and gas facilities to disclose their releases of toxic chemicals to the national Toxics Release Inventory—EIP sought to better understand the agency's decision by requesting records related to the decision itself, records related to the regulatory meaning of an "inactive" action, and records related to the schedule for the rulemaking going forward.

1

3. In spite of Plaintiff's agreement to allow EPA more time to respond to the request, on the understanding that most of the records existed outside the Office of Chemical Safety and Pollution Prevention and that EPA required this additional time to coordinate among several different offices to compile its response, EPA only provided a response from one office by the extended deadline it requested. To date, EPA has provided no further response.

4. EPA's failure to comply with its duties under FOIA to respond and release documents in a timely has harmed and will continue to harm Plaintiff, as it has impaired Plaintiff's ability to better understand the agency's decision to designate the rulemaking as "inactive" and to fulfill EIP's mission in advocating for the finalization of the rule and the greater transparency it will bring to the oil and gas industry.

## JURISDICTION AND VENUE

5. This action arises under FOIA's citizen suit provision. 5 U.S.C. § 552(a)(4)(B).

6. This Court has subject matter jurisdiction over this action pursuant to 5 U.S.C. § 552(a)(4)(B) and 28 U.S.C. § 1331.

7. Venue is proper in this district under 5 U.S.C. § 552(a)(4)(B).

8. Pursuant to 5 U.S.C. § 552(a)(4)(B), this Court may award Plaintiff declaratory judgment, provide injunctive relief, and grant other equitable relief as the Court may deem just and proper.

9. This Court may award attorney fees and litigation costs pursuant to 5 U.S.C. § 552(a)(4)(E).

## PARTIES

10. Plaintiff EIP is a national nonprofit organization existing and organized under the laws of the District of Columbia. EIP is dedicated to advocating for more effective enforcement

of environmental laws. EIP has three primary goals: (1) to provide objective analyses of how the failure to enforce or implement environmental laws increases pollution and affects public health; (2) to hold federal and state agencies, as well as individual corporations, accountable for failing to enforce or comply with environmental laws; and (3) to help local communities obtain the protection of environmental laws. Consistent with its mission, EIP submits FOIA requests from time to time for records regarding EPA agency matters, such as compliance assurance, enforcement, and EPA rulemaking and policy.

11. Defendant EPA is a government agency responsible for protecting human health and the environment. Defendant has possession, custody, and control of records to which Plaintiff EIP seeks access and the statutory duty to respond to Plaintiff's FOIA request as to these records. Defendant EPA is headquartered at 1200 Pennsylvania Avenue NW, Washington, D.C. 20460.

## LEGAL BACKGROUND

12. FOIA requires that an agency "shall determine within 20 [working] days . . . after the receipt of any [FOIA] request whether to comply with such request and shall immediately notify the person making such request of such determination and the reasons therefor . . . ." 5 U.S.C. § 552(a)(6)(A)(i).

13. In "unusual circumstances" the agency may extend the 20-working-day time limit by written notice, which must include "the date on which a determination is expected to be dispatched." Except as provided under 5 U.S.C. § 552(a)(6)(B)(ii), this extension notice may not "specify a date that would result in an extension for more than ten working days." 5 U.S.C. § 552(a)(6)(B)(i).

14. Under 5 U.S.C. § 552(a)(6)(B)(ii), FOIA provides a circumstance in which the agency may attempt to secure an additional extension through request. Where the agency has already notified the requester of an extension pursuant to "unusual circumstances" under 5 U.S.C. § 552(a)(6)(B)(i), "the agency shall notify the person making the request if the request cannot be processed within the time limit" invoked. 5 U.S.C. § 552(a)(6)(B)(ii). The agency "shall provide the person an opportunity to limit the scope of the request so that it may be processed within that time limit or an opportunity to arrange with the agency an alternative time frame for processing the request or a modified request." *Id.*

15. FOIA provides that "[a]ny person making a request to any agency for records under paragraph (1), (2), or (3) of this subsection shall be deemed to have exhausted his administrative remedies with respect to such request if the agency fails to comply with the applicable time limit provisions . . . ." 5 U.S.C. § 552(a)(6)(C)(i).

## FACTUAL BACKGROUND

16. On September 7, 2017, Plaintiff submitted a FOIA request to Defendant through the FOIAOnline portal. Ex. A.

17. Plaintiff's request pertained to EPA's recent decision to designate a rulemaking action "inactive" and requested three categories of records related to this decision: "1. Records regarding EPA's decision to designate this rulemaking as an inactive action; 2. Records regarding any regulatory definition or effect of the 'inactive action' designation; and 3. Records regarding the anticipated schedule for the rulemaking, including any anticipated date for taking final action on the proposed rule." *Id.* at 1.

18. EPA confirmed via email that it received the request on September 7, 2017, and assigned it FOIA Tracking Number EPA-HQ-2017-011256. *See* Ex. B.

19. On October 2, 2017, David Turk, the EPA staff member from the Office of Chemical Safety and Pollution Prevention assigned as point of contact for the request, contacted Adam Kron, the signatory to the request, by telephone, leaving a voicemail message requesting a call back to discuss the request. On October 3, 2017, Adam Kron called David Turk to discuss the request.

20. On October 5, 2017, EPA invoked a ten-day extension to the request deadline pursuant to "unusual circumstances."

21. On October 17, 2017, David Turk called Adam Kron to state that EPA would need additional time to fulfill the request and to ask whether EIP would agree to an extension until the end of November 2017. EPA's reason for this requested extension was because nearly all responsive records were in the possession of offices outside the Office of Chemical Safety and Pollution Prevention. David Turk followed the phone call with an email later that same day "proposing 11/30 as EPA's deadline" and requesting whether EIP would agree to the extension. *See* Ex. C.

22. On October 23, 2017, Adam Kron responded to David Turk by email to state that EIP would agree to an extension until November 30, 2017. *See* Ex. D.

23. Later that day on October 23, 2017, EPA filed a letter to FOIAOnline confirming this extension. *See* Ex. E.

24. On November 28, 2017, David Turk emailed Adam Kron to state that "the Office of Chemical Safety and Pollution Prevention of the Environmental Protection Agency has completed its review of your FOIA request (EPA-HQ-2017-011256). The request has been transferred to the Administrator's Office, which will respond separately." Ex. F.

25. The email attached a letter dated November 28, 2017, which contained a partial response to Plaintiff's FOIA request and stated that "[r]ecords largely have not been located that are responsive to your request." *See* Ex. G. The letter also stated that "this response provides information on the existence of documents that the Office of Chemical Safety and Pollution Prevention has been able to locate. This FOIA request has been transferred to the Administrator's Office for further consideration." *Id.*

26. The deadline of November 30, 2017, passed without any further response from the Office of the Administrator. To date, EIP has received no response from the Office of the Administrator regarding this request.

27. As of December 7, 2017, FOIAOnline continues to list the Request Phase as "Assignment," with an "Estimated Date of Completion" of November 30, 2017. *See* Ex. H.

## CLAIM FOR RELIEF

### VIOLATION OF 5 U.S.C. § 552(a)(6)(A)-(B)
### (Failure to Respond to Plaintiff's FOIA Request within the Required Time)

28. Plaintiff realleges and incorporates by reference paragraphs 1 through 27.

29. Upon receiving a FOIA request, EPA has a nondiscretionary duty to "determine within 20 [working] days . . . whether to comply with such request and shall immediately notify the person making such request" of its determination and reasons." 5 U.S.C. § 552(a)(6)(A)(i).

30. FOIA provides for a 10-working-day extension of this deadline under "unusual circumstances" and, beyond that, the opportunity for the agency to request an additional extension from the requester. 5 U.S.C. § 552(a)(6)(B)(i)-(ii).

31. EPA has failed to provide a full response to Plaintiff's FOIA request by the statutory deadline, as modified by the two extensions respectively claimed and requested by the agency.

32.     Following Plaintiff's September 7, 2017, request, EPA invoked a 10-working-day extension and subsequently requested an extension until November 30, 2017. Plaintiff agreed to this requested extension.

33.     EPA's Office of Chemical Safety and Pollution Prevention provided a partial response to Plaintiff's request on November 28, 2017, in which it noted that it transferred the request to the Office of the Administrator for its separate response.

34.     The Office of the Administrator did not respond by the November 30, 2017, deadline, nor has it responded to date.

35.     Defendant's failure to timely respond to Plaintiff's FOIA request is an improper withholding of requested records and a violation of the FOIA requirement that an agency "shall determine within 20 [working] days," along with any invoked or requested extensions, "whether to comply with such request" and "shall immediately notify the person making such request of such determination and the reasons therefor . . . ." 5 U.S.C. § 552(a)(6)(A)(i), (B)(i)-(ii).

36.     These constitute "agency records improperly withheld from the complainant," which this Court has jurisdiction to enjoin EPA from withholding and to order EPA to produce. 5 U.S.C. § 552(a)(4)(B).

37.     EPA's disregard of its duty to respond to Plaintiff's request and release the records requested has harmed and will continue to harm Plaintiff until EPA complies with FOIA.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff respectfully requests that this Court:

A.     Declare Defendant's failure to timely respond to Plaintiff's requests to be unlawful under FOIA, 5 U.S.C. § 552(a)(6)(A)-(B);

B.     Order Defendant to respond to Plaintiff's September 7, 2017, FOIA request;

  C. Order Defendant to immediately provide Plaintiff with all records responsive to Plaintiff's FOIA request;

  D. If EPA claims that any records or portions of records are exempt from disclosure, order Defendant to provide a reasonable basis for its claimed exemptions;

  E. Award Plaintiff its costs of this action, including reasonable attorney fees pursuant to 5 U.S.C. § 552(a)(4)(E);

  F. Retain jurisdiction to ensure compliance with the Court's order; and

  G. Grant such other relief as the Court deems just and proper.

Respectfully submitted this 7th day of December, 2017.

*/s/ Adam Kron*
ADAM KRON (D.C. Bar No. 992135)
Environmental Integrity Project
1000 Vermont Ave. N.W., Suite 1100
Washington, D.C. 20005
(202) 263-4451
(202) 296-8822
akron@environmentalintegrity.org

*Attorney for Plaintiff*